[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13263

_____

D.C. Docket No. 8:16-cv-00166-JSM-MAP

ANTONIO SUAREZ, individually and on behalf of others similarly situated,
FERNANDO ALEGRIA, individually and on behalf of others similarly situated,
HILLARY MITCHELL, individually and on behalf of others similarly situated,
JUDHIT SANTANDER,

                                        Plaintiffs – Appellants,

versus

UBER TECHNOLOGIES, INC.,

                                        Defendant – Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(May 18, 2017)

Before JORDAN and JULIE CARNES, Circuit Judges, and SCHLESINGER,[*]
District Judge.

PER CURIAM:

_____

[*] The Honorable Harvey E. Schlesinger, United States District Judge for the Middle
District of Florida, sitting by designation.

The appellants, who previously worked as drivers for Uber Technologies, Inc., sued Uber asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Internal Revenue Code, 26 U.S.C. § 7434, and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*. When Uber moved to compel arbitration in the district court, the drivers opposed the motion on the ground that the entire written agreement they had entered into was unconscionable under both California and Florida law.

Now, on appeal, the drivers assert three new arguments. They argue that they are exempt from the Federal Arbitration Act under 9 U.S.C. § 1, that the delegation clause is inapplicable because of the FAA exemption, and that the class waiver in Uber's software agreement violates the National Labor Relations Act under 29 U.S.C. § 157. In exercise of our discretion, we choose not to address these arguments, which are raised for the first time on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1326 (11th Cir. 2004) (describing "a case that is wholly different" from the case litigated below). We therefore affirm the district court's decision to compel arbitration.

**AFFIRMED.**